IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER B. HORNE and JENNIFER HORNE,<br><br>     Plaintiffs,<br><br><br><br>          vs.<br><br><br>IMPAC FUNDING CORP., D/B/A IMPAC LENDING GROUP, COUNTRYWIDE HOME LOANS, INC., RECONTRUST COMPANY, and DOES 1-X,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND<br><br><br><br><br>Case No. 2:09-CV-193 TS |

This matter is before the Court on Defendants Countrywide Home Loans, Inc. ("Countrywide") and ReconTrust Company's ("ReconTrust") (collectively, the "Motion Defendants") Motion to Dismiss. Plaintiffs' Complaint was originally filed in the Utah Fifth District Court, and was removed to this Court on March 3, 2009. The Motion Defendants filed their Motion on March 11, 2009, and Plaintiffs failed to respond within the thirty-day time limit prescribed by D.U.Civ.R. 7-1(b)(4)(A). For the reasons set forth below, the Court will grant the Motion to Dismiss.

## I.  STANDARD OF REVIEW

Plaintiffs are proceeding *pro se*, requiring the Court to construe their pleadings liberally and hold their submissions to a less stringent standard than formal pleadings drafted by lawyers.[1]  This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  No special legal training is required to recount facts surrounding an alleged injury, and *pro se* litigants must allege sufficient facts, on which a recognized legal claim could be based.[3]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[4]  Thus, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[5] and the Court should dismiss the claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an  opportunity to amend."[6]

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]*Id*.

[3]*Id*.

[4]*Id*. (citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990)).

[5]*Id*. at 1110 n. 3.

[6]*Perkins v. Kan. Dept. of Corr*., 165 F.3d 803, 806 (10th Cir. 1999).

2

## II. BACKGROUND

The following facts are taken from Plaintiffs' Complaint.  Plaintiffs are residents of Washington County, Utah.  Defendants are corporate entities doing business in, among other places, Washington County Utah.

On July 11, 2006, Plaintiffs borrowed funds from Defendant IMPAC Funding Corp. ("IMPAC").  The loan from IMPAC was secured by a Note and a Trust Deed on their home in St. George, Utah (the "Property").  The Note and Trust Deed were then sold to an unnamed entity. After Plaintiffs defaulted on their loan, ReconTrust was chosen as the trustee of the Trust Deed, for the purposes of administering the foreclosure proceedings.

Plaintiffs allege that Defendants failed to adequately inform them of the terms and conditions of the loan.  Plaintiffs also allege that Defendants "fail[ed] to conduct reasonable evaluation into the merits of the loan transactions and the property itself."[7]  Specifically, Plaintiffs allege that Defendants had a duty to accurately, truthfully, and completely represent all relevant information to Plaintiffs, so that Plaintiffs could make an informed decision as to the refinancing of the Property. Instead, Plaintiffs allege, Defendants negligently and intentionally misrepresented material facts to Plaintiffs, thus inducing reliance by Plaintiffs.  Plaintiffs also allege that Defendants "made loans to Plaintiff[s] without regard for their ability to repay the loan, . . . violat[ing] not only good lending practices but fair lending practices."[8]  Plaintiffs allege that, as a result of Defendants' actions,

---

[7]Complaint, ¶ 12.

[8]*Id.*, ¶ 53.

3

Plaintiffs have lost their house and have suffered "mental anguish, conscious pain and suffering, and mental distress from the economic misfortune."[9]

Plaintiffs' Complaint lists six causes of action:[10] (1) negligence; (2) negligent misrepresentation; (3) intentional misrepresentation; (4) breach of the covenant of good faith and fair dealing; (5) "To Restrain a Wrongful Foreclosure Against All Defendants";[11] and (6) unfair lending practices.

The Motion Defendants argue that all claims against them must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5), alleging that Plaintiffs failed to serve them with either the summons or the Complaint. The Motion Defendants also argue that Plaintiffs have failed to state a claim and that Plaintiffs lack standing.

## III.  DISCUSSION

A.    IMPROPER SERVICE

Fed. R. Civ. P. 12(b)(5) provides for dismissal of claims against a defendant if Plaintiff has failed to provide sufficient process. However, Fed. R. Civ. P. 4(m) provides that service must be provided to defendants within 120 days of the filing of the Complaint. Plaintiffs filed their complaint in the Utah Fifth District Court on January 22, 2009, giving Plaintiffs until May 22, 2009 to serve Defendants with process. The Motion to Dismiss for failure to serve under Fed. R. Civ. P. 12(b)(5) is, therefore, premature, and will be denied without prejudice.

---

[9]*Id.*, ¶ 13.

[10]The Complaint begins enumeration of its "claims for relief" with the *second* claim for relief, preceded only by a section entitled "General Allegations."

[11]Complaint at 7.

B.      LACK OF STANDING

The Motion Defendants also move for dismissal, claiming that Plaintiffs' lack standing to bring claims arising from the origination of the loan against the Motion Defendants "as neither Countrywide nor ReconTrust were the lender that originated the Loan."[12]  That argument, however, is without merit.

In order to establish Article III standing, Plaintiffs must establish: (1) injury in fact; (2) causation; and (3) redressability.[13]  "A plaintiff must first demonstrate 'an injury in fact, defined as the invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'  A plaintiff must next demonstrate a 'causal connection between the injury and the conduct.'  Finally, 'a plaintiff must demonstrate that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'"[14]

Construing the Complaint liberally, the Court finds that Plaintiffs have alleged an injury in fact that is concrete and actual, that the actions of Defendants' omissions and misrepresentations to Plaintiffs were the cause of the injury, and that the injury will be redressed by a favorable decision by the Court.  As set forth below, the Motion Defendants have valid arguments surrounding the failure of Plaintiffs to state valid claims against them, but incorrectly naming an individual or entity as a Defendant is not the same thing as lacking standing to bring suit against that individual or entity. The Motion to Dismiss for lack of standing will therefore be dismissed.

---

[12]Docket No. 5 at 8.

[13]*Stewart v. Kempthorne*, 554 F.3d 1245, 1253 (10th Cir. 2009).

[14]*Id.* at 1253-54 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (internal citations omitted).

C.      FAILURE TO STATE A CLAIM

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[15]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[16]  All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[17]  But, the court "need not accept conclusory allegations without supporting factual averments."[18]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19]  Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[20]

"[A] district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response."[21]  "[E]ven if a plaintiff does not file a response to a motion

---

[15]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[16]*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[17]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[18]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[19]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[20]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[21]*Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal citation and brackets omitted).

to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."[22]

The Motion Defendants argue that Plaintiffs' claims must be dismissed under Fed. R. Civ. P. 12(b)(6) because they: (1) fail to set forth necessary elements or are not recognized causes of action; (2) fail to provide sufficient factual allegations to support their claims; (3) are barred by the economic loss rule; and (4) are frivolous.  Because the Court is required to construe the Complaint liberally, Plaintiffs' failure to expressly list the elements of each claim is not fatal, as claimed by the Motion Defendants.  However, the Court must consider whether the claims asserted in the Complaint are recognized causes of action and whether Plaintiffs have alleged sufficient facts so support their claims.[23]  As set forth below, the Court finds that Plaintiffs fail to provide sufficient factual support for their claims against the Motion Defendants and that Plaintiffs' claims are barred by the economic loss rule.  The Court will, therefore, grant the Motion to Dismiss.

1.    *Breach of Fiduciary Duty*

Plaintiffs list negligence as their first cause of action.  However, the description of the alleged wrongs committed by Defendants are more accurately described as a breach of fiduciary duties. Plaintiffs claim that "Defendants . . . owed a duty to Plaintiff to perform their professional services in a manner which placed Plaintiffs' interests above the Defendants and to deal honestly, directly, and accurately with the Plaintiffs, the documents, and each other."[24]  "Generally, an agent has a

---

[22]*Id.*

[23]*Hall*, 935 F.2d at 1110.

[24]Complaint, ¶ 12.

fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship."[25]  However, the existence of a fiduciary duty on the part of the Motion Defendants is a prerequisite to any claim for breach of fiduciary duty.

Under Utah law, "merely depending on another does not create a fiduciary relationship."[26] In *Semenov v. Hill*, the plaintiff filed suit for, among other things, breach of fiduciary duty, claiming that he relied on the defendant's assertions during negotiations when signing the contract, and that, as a result, a fiduciary duty arose at closing.[27]  The Utah Supreme Court declared that fiduciary duties only arise when "dependence is reasonable."[28]  Moreover, the Utah Court also stated that because "ordinarily there is no fiduciary relation in case of a contract duty, since the rights and duties of parties to a contract may be freely transferred, parties may act for their own interests during the execution of a contract, and they have *no duty of loyal repesentation of the opposing party*."[29]

Plaintiffs have not alleged that the Motion Defendants were present or involved in the origination of the loan.  As alleged by Plaintiffs, the Motion Defendants' only association to the Plaintiffs is contractual, and they have not alleged facts sufficient to suggest the existence of a contractual duty owed by the Motion Defendants to the Plaintiffs.  Moreover, even if such a duty existed, it would be insufficient under Utah law to give rise to a fiduciary duty.

---

[25]*Eagar v. Burrows*, 191 P.3d 9, 15 (Utah 2008) (internal quotation omitted).

[26]*Semenov v. Hill*, 982 P.2d 578, 580 (Utah 1999).

[27]*Id.*

[28]*Id.*

[29]*Id.* (emphasis added).

2.      *Negligent Misrepresentation*

In their second cause of action, Plaintiffs allege negligent misrepresentation on the part of the Defendants.  "[A] claim for negligent misrepresentation requires a party to demonstrate that (1) a party carelessly or negligently makes a false representation expecting the other party to rely and act thereon, (2) the plaintiff actually relies on the statement, and (3) suffers a loss as a result of that reliance."[30]  "[A]n omission may be actionable as a negligent misrepresentation when the defendant has a duty to disclose."[31]

Plaintiffs allege that they "relied upon the negligent misrepresentations of the Defendants in forming their decision regarding the loan transactions at issue."[32]  However, as noted previously, there are no factual allegations that the Motion Defendants were at all involved in negotiations leading up to Plaintiffs' acceptance of the loan terms.  With regard to ReconTrust, Plaintiffs' Complaint specifically alleges that ReconTrust entered the picture only in connection with the foreclosure proceedings and is silent with regard to Contrywide's participation prior to Plaintiffs' acceptance of the loan terms.  The Complaint is therefore completely devoid of factual allegations which would support a finding of actual reliance by Plaintiffs on any representations made by the Motion Defendants.

3.      *Intentional Misrepresentation*

---

[30]*Moore v. Smith*, 158 P.3d 562, 574 (Utah Ct. App. 2007) (citing *Smith v. Frandsen*, 94 P.3d 919, 922 (Utah 2004)).

[31]*Id.*

[32]Complaint, ¶ 16.

Plaintiffs' third cause of action is intentional misrepresentation, which Utah law treats as equivalent to a claim for fraud.[33]   The elements of intentional misrepresentation are: "(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage."[34]   Fed. R. Civ. P. 9(b) requires the elements to be pled with specificity.

Plaintiffs allege that Defendants misrepresented the nature of the loans, that a sub-prime loan was in Plaintiffs' best interests, and that Plaintiffs relied upon those misrepresentations "in forming his decision regarding the loan transactions."[35]   Construing Plaintiffs' Complaint liberally, the Court concludes that Plaintiffs have met the specificity requirements of Fed. R. Civ. P. 9(b).   However, as noted previously, Plaintiffs' Complaint is devoid of any factual allegations which would support a finding that the Motion Defendants were involved, in any way, prior to Plaintiffs' acceptance of the loan terms.   Therefore, the Complaint cannot support a finding that Plaintiffs relied on any representations of the Motion Defendants prior to executing the Note and Trust Deed.

4.      *Breach of the Covenant of Good Faith and Fair Dealing*

---

[33] *Kuhre v. Goodfellow*, 69 P.3d 286, 291 (Utah Ct. App. 2003).

[34] *Id.* at 291-92 (citing *Dugan v. Jones*, 615 P.2d 1239, 1246 (Utah 1980)).

[35] Complaint, ¶ 20.

Plaintiffs' fourth cause of action is for breach of the implied covenant of good faith and fair dealing which, under Utah law, "inheres in every contract."[36] "Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to intentionally do anything to injure the other party's right to receive the benefits of the contract."[37]

Plaintiffs allege that Defendants were required to "deal fairly and in good faith with Plaintiffs and not seek to take an undue advantage of Plaintiffs in their weakened bargaining position and with their lesser knowledge, skill, education, and ability regarding the loan transactions."[38] Plaintiffs misstate the obligation imposed on Defendants by the covenant of good faith and fair dealing. A discussion of unequal bargaining power would be appropriate in a discussion of unconscionability, discussed in further detail below, but it is inappropriate in a discussion of the covenant of good faith and fair dealing. The only question before the Court on a question of breach of the covenant of good faith and fair dealing is whether the Defendants intentionally did anything to injure Plaintiffs' right to receive the benefit of the contract.

Plaintiffs have failed to allege facts sufficient to support their fourth cause of action. The contracts which Plaintiffs signed provided that the benefit to be received by them was a loan which they would then use to refinance the Property. The same contracts provided for benefits to the Defendants, in the form of payments to be received from Plaintiffs and a forecloseable interest on the Property. Plaintiffs' Complaint contains no factual allegations that would support a deprivation

---

[36]*Oman v. Davis School Dist.*, 194 P.3d 956, 968 (Utah 2008) (quoting *Eggett v. Wasatch Energy Corp.*, 94 P.3d 193, 197 (Utah 2004)).

[37]*Id.*

[38]Complaint, ¶ 26.

by the Motion Defendants of any contractual benefits owed to Plaintiffs.  In fact, the Complaint expressly states that Plaintiffs received the loan and refinanced the Property.

Construing Plaintiffs' Complaint liberally, it is possible that Plaintiffs intended to allege procedural unconscionability in the formation of the contract, as evidenced by their discussion of unequal bargaining power.  "A party claiming unconscionability bears a heavy burden."[39]  Even considered under the doctrine of unconscionability, however, Plaintiffs' fourth cause of action would still be subject to dismissal for failure to state a claim.   When considering procedural unconscionability, the Court's focus is on "the negotiation of the contract and the circumstances of the parties."[40]   The lack of sufficient factual allegations to support a finding that the Motion Defendants were involved in the negotiations of the loan documents means that the Motion Defendants cannot be said to have engaged in unconscionable negotiation.

5.   *Wrongful Foreclosure*

Plaintiffs' fifth cause of action alleges "wrongful foreclosure" by Defendants.  Although it is difficult to discern precisely what wrongful conduct Plaintiffs are alleging, and the legal grounds for the allegations, it appears that Plaintiffs are alleging improprieties in the transfer of rights under the Note and Trust Deed.  Specifically, that IMPAC was listed as the original beneficiary on the Trust Deed, and was the original holder of the Note, but that the Motion Defendants instigated foreclosure proceedings, Countrywide as the Beneficiary and ReconTrust as the Trustee.  However, the Court is unaware of any requirement under Utah law that the foreclosing entity be the entity expressly listed on the original Note or Trust Deed.  The ability of financial institutions to assign

---

[39]*Burton Lumber & Hardware Co. v. Graham*, 186 P.3d

[40]*The Cantamar, L.L.C. v. Champagne*, 142 P.3d 140, 152 (Utah Ct. App. 2006) (quoting *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 403 (Utah 1998)).

benefits and obligations under promissory notes or security instruments is the rule, not the exception, in the financial industry.  While it is possible that the Note and Trust Deed contain provisions prohibiting assignment, Plaintiffs do not make any such allegations, and their fifth cause of action cannot, therefore, survive the Motion to Dismiss.

      6.    *Unfair Lending Practices*

Plaintiffs' final cause of action is for unfair lending practices.  Plaintiffs do not provide the legal basis, under Utah or federal law, for their claims.  However, the factual allegations related to this cause of action directly contradict the facts as alleged by Plaintiffs and confirmed by the Motion Defendants.  The negotiations for the loan, as noted previously, were between IMPAC and Plaintiffs, and, of the Defendants, only IMPAC was involved in lending money to Plaintiffs.  The Motion Defendants became involved at a later time, Countrywide as the Servicer on the loan, and ReconTrust as the trustee for the administration of foreclosure proceedings.  Plaintiffs' factual allegations support only one finding, that the Motion Defendants were not involved in lending money to Plaintiffs.  Therefore, regardless of the legal foundation intended by Plaintiffs in their sixth cause of action, it must fail as against the Motion Defendants.

## IV.  CONCLUSION

Because Plaintiffs' allegations clearly establish that the Motion Defendants only became involved at the post-loan stage, it would be futile to allow Plaintiffs to amend their Complaint with regard to the Motion Defendants.  It is therefore

ORDERED that the Motion Defendants' Motion to Dismiss (Docket No. 4) is GRANTED. All claims against Defendant Countrywide Home Loans, Inc. and ReconTrust Company are DISMISSED WITH PREJUDICE.

DATED   April 27, 2009.

BY THE COURT:

TED STEWART
United States District Judge